Brandon A. Keim (028831)
Trisha S. Farrow (032618)
**Frazer Ryan Goldberg & Arnold LLP**
1850 North Central Avenue, Suite 1800
Phoenix, AZ 85004
Telephone: (602) 200-7399 (Keim)
                (602) 200-7354 (Farrow)
Email:     bkeim@frgalaw.com
               tfarrow@frgalaw.com

*Attorneys for Joseph A. Villasenor, Plaintiff*

**IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph A. Villasenor,<br><br>             Plaintiff,<br><br>v.<br><br>Internal Revenue Service,<br><br>             Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff Joseph A. Villasenor ("Mr. Villasenor"), files this Complaint for injunctive relief and damages against the Internal Revenue Service ("IRS") to compel the IRS to comply with the Freedom of Information Act ("FOIA"), codified at Title 5, United States Code, Section 552.

**PARTIES, JURISDICTION, AND VENUE**

1. Mr. Villasenor is a resident of Phoenix, Arizona.

2. The IRS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), and it is headquartered at 1111 Constitution Avenue NW, Washington, D.C. 20224, within the District of Columbia, and has possession and control over the records that Mr. Villasenor seeks in his FOIA request.

3. This Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**STATUTORY FRAMEWORK**

5. FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

6. Records are agency records subject to FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made. *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989).

7. An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A). If the agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, *de novo*, the agency's failure to respond and order the production of any agency records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

8. An agency may assess collection and processing fees incurred in complying with a FOIA request under 5 U.S.C. § 552(a)(4)(A).

9. When the IRS estimates the collection and processing fees will exceed the upper limit agreed to by the requester or when the costs are estimated to exceed $250, the IRS is required to (1) notify the request of the estimated cost, (2) extend an offer to the requester to confer with agency personnel to reformulate the request in a manner to reduce the fees, (3) if the request is not amenable to reformulation, then require advance payment of the estimated fees, and (4) inform the requester that the time period, within which the IRS has to make a determination on the request, shall not begin to run, pending a reformulation of the request or advance payment from the requester. Treas. Reg. § 601.702(f)(4)(ii).

10. FOIA permits this Court to assess reasonable attorneys' fees and other litigation costs in any FOIA action where the plaintiff has substantially prevailed. 5 U.S.C. § 552(a)(4)(E).

## **STATEMENT OF FACTS**

11. On August 29, 2023, Mr. Villasenor filed a FOIA request with the IRS seeking records relating to his 2016, 2017, and 2018 tax years. In his August 29, 2023, request, Mr. Villasenor specifically requested any and all information, including any and all documents, concerning the audit of Mr. Villasenor's 2016, 2017, and 2018 tax years including but not limited to:

> The entire Examination Division Administrative file for the audit and all papers and dividers included therein, including but not limited to all documents, emails, reports, work papers, notes, investigative histories, work logs, schedules, reports of interviews, memoranda of interviews, information received from third parties, memoranda, telephone call slips, notes, computations, and all other similar types of papers prepared, accumulated, or compiled by the Internal Revenue Service or any other governmental agency;

> Any and all files relative to this audit that include information and documents obtained pursuant to summonses issued to third parties which are not otherwise included in the Administrative File;

> Any and all files relative to this audit that may have been prepared by independent consultants, international examiners, economists, engineers, and any other specialists assigned to this case which are not otherwise included in the Administrative File;

> Individual Master File with information, appraisals, user-friendly transcripts of account showing liabilities and payments, internal documents, memoranda, and all other similar types of papers prepared, accumulated, or compiled by the Internal Revenue Service or any other governmental agency that is related to the determination of taxpayer's tax liability.

> Business Master File with information, appraisals, user-friendly transcripts of account showing liabilities and payments, internal documents, memoranda, and all other similar types of papers prepared, accumulated, or compiled by the Internal Revenue Service or any other governmental agency that is related to the determination of taxpayer's tax liability.

12. Mr. Villasenor's August 29, 2023, request indicated that he was willing to pay up to $250.00 for all copying and search charges, and that if fees would exceed $250.000, to please contact Mr. Villasenor's representative for further authorization.

13. On September 5, 2023, the IRS sent a letter acknowledging Mr. Villasenor's August 29, 2023, FOIA request and provided an initial estimated date of completion for the request of September 27, 2023.

14. On September 26, 2023, the IRS sent a letter stating that it was unable to provide the requested information within the 20-day period required by law and that Mr. Villasenor could expect a final response to his request by December 27, 2023. The letter stated that if Mr. Villasenor agreed to the extension then he need not respond to the letter and that there was no right to an administrative appeal for the IRS's failure to meet the statutory 20 business-day timeframe for response.

15. Mr. Villasenor did not respond to the letter.

16. On December 26, 2023, the IRS sent a letter stating that the total estimated cost to process Mr. Villasenor's request was $430.00. The letter stated, "Because the amount you committed to pay in your request was not high enough to cover the fees due, and you did not provide a higher commitment to pay, your request is being closed without further action."

17. The December 26, 2023, letter did not give Mr. Villasenor an opportunity to reformulate his request to reduce the fees below $250.00.

18. The December 26, 2023, letter did not give Mr. Villasenor an opportunity to make an advance payment of the $430.00 estimated fees.

19. On February 2, 2024, Mr. Villasenor's representative responded to the December 26, 2023, letter agreeing to pay fees of $430.00 and requesting the IRS to provide the FOIA response.

20. On March 15, 2024, the IRS sent a letter stating that it needed additional time to provide a response to Mr. Villasenor's August 29, 2023, FOIA request and expected to provide a final response by June 12, 2024. The letter stated that if Mr. Villasenor agreed to the extension then he need not respond to the letter and that there was no right to an administrative appeal for the IRS's failure to meet the statutory 20 business-day timeframe for response.

21. Mr. Villasenor did not respond to the letter.

22. On June 12, 2024, the IRS sent a letter stating that it needed additional time to provide a response to Mr. Villasenor's August 29, 2023, FOIA request and anticipates completing its response by September 12, 2024.

23. Mr. Villasenor has no administrative remedies with respect to the IRS's failure to produce the requested information within the statutory 20 business-day timeframe.

## COUNT 1 – VIOLATION OF FOIA

24. Mr. Villasenor incorporates by reference paragraphs 1–23.

25. The IRS is an agency subject to FOIA.

26. On August 29, 2023, Mr. Villasenor submitted a valid and proper FOIA request for records within the IRS's control and possession related to his tax files and any records related to any examination, audit, inquiry, or criminal referral of him.

27. Mr. Villasenor is entitled under FOIA to access the requested records and information.

28. The IRS failed to respond to Mr. Villasenor's request within the statutory 20-day timeframe.

29. Mr. Villasenor consented to three time extensions for the IRS to respond.

30. To date the IRS has not responded to Mr. Villasenor's August 29, 2023, FOIA request.

31. The statutory deadline for the IRS to respond to Mr. Villasenor's request has expired and the IRS is not entitled to any further, unilateral delay.

32. Because the IRS failed to comply with the FOIA time limit provisions, Mr. Villasenor has exhausted his administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

## PRAYER FOR RELIEF

WHEREFORE, Joseph A. Villasenor prays that the Court will grant the following relief and any other such relief that the Court deems just and proper:

(1) Declare that the IRS's failure to disclose the records requested by Mr. Villasenor unlawful;

(2) Enjoin the IRS from withholding the responsive records and order the IRS to produce to Mr. Villasenor the records he seeks pursuant to 5 U.S.C. § 552(a)(4)(B);

(3) Assess against the IRS the reasonable attorneys' fees and other litigation costs that Mr. Villasenor reasonably incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and 5 U.S.C. § 552.

RESPECTFULLY SUBMITTED this this 24<u>th</u> day of June, 2024.

*/s/ Brandon A. Keim*

Brandon A. Keim (028831)
**FRAZER RYAN GOLDBERG & ARNOLD LLP**
1850 N. Central Ave, Suite 1800
Phoenix, AZ 85004
Phone: 602-200-7399; Fax: 602-792-7234
E-mail: bkeim@frgalaw.com

*/s/ Trisha S. Farrow*
Trisha S. Farrow (032618)
**FRAZER RYAN GOLDBERG & ARNOLD LLP**
1850 N. Central Ave, Suite 1800
Phoenix, AZ 85004
Phone: 602-200-7347; Fax: 602-792-7234
E-mail: tfarrow@frgalaw.com

*Attorneys for Joseph A. Villasenor, Plaintiff*